## THOMPSON v. CLARK.

*Lis pendens — in ejectment, notice only to defendant and those claiming under him.*

Plaintiff brought an action of ejectment against B. to recover possession of certain premises, and filed a *lis pendens.* Defendant afterward leased the premises of N., and occupied the same, in no way holding under B. *Held,* that the *lis pendens* was not notice to, and did not bind defendant.

APPEAL by plaintiff from a judgment of nonsuit at the circuit.

The action was brought by Isaac W. Thompson against Merritt W. Clark, to recover damages for the alleged wrongful use and occupation of premises claimed by defendant. Sufficient facts appear in the opinion.

*Isaac W. Thompson,* for appellant.

*Esek Cowen,* for respondent.

LEARNED, P. J. The plaintiff had recovered in ejectment against Mrs. Bull, and had been put into possession of the prem-

Thompson v. Clark.

ises. He then sued the defendant Clark for rents and profits accruing before the plaintiff recovered. It appeared on the trial, that Clark rented the premises from one Neher, and not from Mrs. Bull. The plaintiff claimed, however, that he was entitled to recover on proof of the judgment against Mrs. Bull, and of the filing of notice of *lis pendens* in the action against her, without other proof of his title. The plaintiff was nonsuited at the circuit, and now appeals.

It is a well-known general rule that judgments are binding only on parties and privies. Proceedings *in rem* (or, in the language of the civil law, *real* actions) constitute the exception. Probably the ancient writ of right was of that nature.

But the action of ejectment, in its origin, decided only possession, not title. It was not strictly a real action. It concluded only the parties. *Aslin* v. *Parkin*, 2 Burr. 668. As it was modified and retained by the Revised Statutes, the judgment was conclusive "upon the party against whom the same is rendered, and against all persons claiming from, through or under such party by title accruing after the commencement of the action." 2 R. S. 309, §§ 36, 38. It therefore bound no others than parties or privies. See also *Chirac* v. *Reinecker*, 11 Wheat. 296.

The same idea is more definitely stated at 2 R. S. 342, § 19. There it is enacted that if the defendant alien pending the action, and shall have no property of which the damages for rents and profits can be recovered, the alienee shall be liable for the time he possessed the premises. There the ground of liability is the acquiring title from the defendant. The same provisions are continued under the Code of Procedure, § 455.

The plaintiff, however, insists that by filing a notice of *lis pendens* (Code, § 132), he has given notice to all the world, and that therefore the defendant occupied the land with notice of his claim. But the object of requiring, or authorizing, the filing of such a notice, is not to make the judgment affect persons other than the defendant, and those claiming under him. It is only to give notice to those who obtain title under the defendant. The person who is about to take a conveyance, or a lease of land, and who examines the records for notices of *lis pendens*, need look only at the name of his proposed grantor or lessor. In the present case, the notice of *lis pendens* against Mrs. Bull gave Mr. Clark no notice that he could not safely take a lease from Mr. Neher.

The plaintiff, however, relies on a remark of NELSON, C. J., in *Leland* v. *Tousey*, 6 Hill, 328, that "the record on recovery in the ejectment suit is no evidence of title against them (*i. e.*, third persons), unless it appears that * * * *they entered into possession* afterward." If "afterward" means "after the recovery," the remark is of no avail to the plaintiff; but he claims that it means that the judgment is conclusive evidence of the plaintiff's title against all who entered into the possession of the land after the ejectment suit was commenced.

This is not sustained by the authorities cited in that case, and is contrary to settled principles. *Ainslie* v. *Mayor of N. Y.*, 1 Barb. 168. I cannot think that the court intended to assert such a doctrine.

The judgment should be affirmed.

*Judgment affirmed.*